BRUCE D. CELEBREZZE, State Bar No. 102181
*bruce.celebrezze@clydeco.us*
BRIAN D. HARRISON, State Bar No. 157123
*brian.harrison@clydeco.us*
DAVID RHODES, State Bar No. 214493
*david.rhodes@clydeco.us*
CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, CA 94111
Telephone: (415) 365-9800
Facsimile:  (415) 365-9801

Attorneys for Defendant
ARROWOOD INDEMNITY COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WARREN KENT KHTIKIAN, an individual and doing business as Law Office of Kent Khtikian,<br><br>Plaintiff,<br><br>v.<br><br>ARROWOOD INDEMNITY COMPANY, a Delaware Corporation; and Does 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>*Removed from the Superior Court for the State of California, County of Marin Case No. CIV-2102823*<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>**(Diversity Jurisdiction 28 U.S.C. §§ 1332, 1446)** |

**TO THIS HONORABLE UNITED STATES DISTRICT COURT, TO ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1446, defendant Arrowood Indemnity Company ("Arrowood") hereby removes to this Honorable Court the state court action captioned *Warren Kent Khtikian v. Arrowood Indemnity Company*, Case No. CIV-2102823, filed in and currently pending in the Superior Court of the State of California, County of

Marin (the "State Court Action"). This Court has original jurisdiction over this action on account of diversity of citizenship under 28 U.S.C. § 1332.

In support of this removal, Arrowood further states:

## I.     GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

1.  Arrowood removes the State Court Action to this Court pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and § 1446 (procedures for removal) because (i) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (ii) the matter is between citizens of different states.  28 U.S.C. § 1332(a)(1).

## II.     PROCEDURAL HISTORY AND STATE COURT FILINGS

2.  In his State Court Action Complaint (the "Complaint" or "Compl."), plaintiff Warren Kent Khtikian ("Plaintiff" or "Khtikian") alleges that Arrowood is at fault for his decision to recommend that his client, Thomas Dee Engineering Company, Inc. ("Dee"), enter into a settlement agreement that he negotiated with Arrowood and to which he consented, but he – not Dee – now regrets the terms of that agreement.  A copy of the Complaint is attached as part of **Exhibit A**.

3.  The Complaint names Arrowood as a defendant and alleges that Khtikian is an attorney, and that he was retained by Dee to negotiate "buyback" agreements with Dee's insurers, including Arrowood. (Compl. ¶¶ 1, 5.) Khtikian further alleges that he and Dee entered into a contingency fee agreement, and then an amended agreement. (Compl. ¶5.) Khtikian asserts that he thereafter negotiated a settlement, or buyback, agreement on behalf of Dee with Arrowood that was entered by Dee and became effective on or about December 7, 2012. (Compl. ¶¶ 8,10.) Khtikian alleges that Dee owed him at least $3,078,750 in attorneys' fees as a result of the buyback agreement he negotiated with Arrowood, but that he has only been paid a total of $600,000 of that amount. (Compl. ¶ 11.)   He asserts that, as such, Dee has breached the terms of the contingency agreement and he has incurred a loss of $2,478,750, plus interest thereon calculated at 10% per year from December 11, 2012 in an additional amount of $2,000,000, plus attorneys' fees incurred as a consequence of having to engage in litigation to collect Khtikian's fees, and other damages according to proof. (Compl. ¶ 15.)

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

4.  The first cause of action is for intentional interference with contractual relations and the second cause of action is for inducing breach of contract. In the intentional interference with contractual relations cause of action, Khtikian alleges that he commenced negotiations with Arrowood for the buyback agreement in April 2007. (Compl. ¶ 8.) Khtikian contends that Arrowood knew during those negotiations that there was a contract between himself and Dee for the negotiation of the buyback agreement. (Compl. ¶ 8.) Khtikian alleges that, "[a]t the insistence of Arrowood, the buyback agreement between Dee and Arrowood provided that the fees paid to all persons who provided services to Dee in connection with the buyback agreement be limited in the aggregate to $950,000." (Compl. ¶ 12.) He alleges that Arrowood knew that the fees incurred by Dee for those services exceeded $950,000, and knew that its insistence that Dee limit the fees paid to Khtikian would disrupt the performance or was substantially likely to disrupt the performance of Dee's contract with Khtikian. (Compl. ¶ 12.) According to Khtikian, Arrowood's insistence on that contractual provision allegedly caused Dee to pay Khtikian only 20% of the fees owed to him for negotiating the buyback agreement with Arrowood "and Khtikian has incurred a loss of $2,478,750, plus interest thereon calculated at 10% per year from December 11, 2012 in an additional amount of $2,000,000, plus attorneys' fees incurred as a consequence of having to engage in litigation to collect Khtikian's fees, and other damages according to proof." (Compl. ¶ 15.)

5.  In the second cause of action – inducing breach of contract – Khtikian alleges that Arrowood's insistence that the buyback agreement contain a provision limiting the fees that Dee would pay to Khtikian be limited in the aggregate to $950,000 caused Dee to breach its contract with Khtikian, and that Arrowood's conduct was a substantial factor in causing Khtikian's harm. (Compl. ¶¶ 17-23.)

6.  The Prayer seek judgment against Arrowood in the amount of $2,478,750, plus prejudgment interest thereon calculated at 10% per year from December 11, 2012, plus general and special damages according to proof, and punitive damages according to proof, and for costs incurred. (Compl. Prayer.)

7. Arrowood filed in state court an answer to the Complaint denying the allegations, claims, and relief sought and asserting various affirmative defenses. Arrowood's answer is attached hereto as **Exhibit B**.

### III. THE REQUIREMENTS OF DIVERSITY JURISDICTION ARE MET

8. Federal district courts have original jurisdiction of any civil action in which: (i) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (ii) the matter is between citizens of different states. 28 U.S.C. § 1332(a)(1). Without conceding any merit to the legitimacy of Plaintiff's claims, his calculation of damages, or his entitlement to punitive damages, Arrowood asserts that these elements are satisfied.

#### A. The Amount in Controversy Exceeds $75,000

9. The amount in controversy for jurisdictional purposes may be determined by the amount of damages that is the subject of the action. See *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700-01 (9th Cir. 2007); *Meisel v. Allstate Indem. Co.*, 357 F.Supp.2d 1222, 1225 (E.D. Cal. 2005). This includes compensatory damages, claims for payments due under contracts, attorneys' fees recoverable by statute or contract, and punitive damages if allowable by law. See *Guglielmino,* 506 F.3d at 701; *Meisel*, 357 F.Supp.2d at 1225; *Anthony v. Sec. Pac. Fin. Serv., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

10. A removing defendant must show by a preponderance of the evidence that the amount in controversy requirement is satisfied. See 28 U.S.C. § 1446(c)(2)(B); *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 402-04 (9th Cir. 1996). In *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014), the United States Supreme Court held that a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation. In that situation, the court decides, based on both parties' evidence, whether the amount in controversy has been established by a preponderance of evidence.

11. Here, the Complaint specifies the amount of damages Plaintiff seeks to recover in the State Court Action and that amount substantially exceeds the $75,000 jurisdictional minimum.

12. In the first cause of action for intentional interference with contractual relations, Plaintiff alleges that "[a]s a consequence of Arrowood's conduct, Dee paid Khtikian only approximately 20% of the fee to Khtikian for the Arrowood buyback transaction and Khtikian has incurred a loss of $2,478,750, plus interest thereon calculated at 10% per year from December 11, 2012 in an additional amount in excess of $2,000,000, plus attorneys' fees incurred as a consequence of having to engage in litigation to collect Khtikian's fees, and other damages according to proof." (Compl. ¶ 15.) Plaintiff alleges that this conduct was malicious and oppressive. (Compl. ¶ 16.)

13. In the second cause of action for inducing breach of contract, Khtikian alleges that the insistence of Arrowood that the buyback agreement contain a provision limiting the fees that Dee would pay to him caused Dee to breach its contract with him and violated his lien rights, that "[a]s described above, Khtikian was harmed by Dee's breach …. [and] Arrowood's conduct was a substantial factor in causing Khtikian's harm." (Compl. ¶¶ 22, 23.) Plaintiff alleges that this conduct was malicious and oppressive. (Compl. ¶ 24.)

14. In the Prayer, Plaintiff seeks a judgment for $2,478,750, plus prejudgment interest thereon calculated at 10% per year from December 11, 2012, plus general and special damages according to proof, and punitive damages according to proof, and for costs incurred. (Compl. Prayer.)

15. Accordingly, there can be no reasonable dispute that Plaintiff is seeking to recover from Arrowood substantially more than the $75,000 jurisdictional minimum by way of the Complaint and the total amount in controversy in the State Court Action exceeds $75,000.

**B. There Is Complete Diversity of Citizenship Between Plaintiff and All Named Defendants**

16. For federal diversity jurisdiction to exist, all plaintiffs must be of different citizenship than all defendants. *See Strawbridge v. Curtiss*, 7 U.S. 267, 267-68 (1806).

17. For federal diversity purposes, all corporations are considered citizens of both their state of incorporation and the state of their principal place of business. 28 U.S.C. §1332(c)(1) ("a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business"). A corporation's principal place of business is the place where its board and high level officers direct, control, and coordinate its activities and is typically the corporate headquarters. See *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010); see *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 172 (4th Cir. 2014) (principal place of business is where company's "officers make significant corporate decisions and set corporate policy").

18. Plaintiff is a citizen and doing business only of the State of California. The first page of the Complaint, at paragraph 1, describes Plaintiff as "an attorney duly admitted, in good standing and practicing law in the State of California. Khtikian does business as the Law Office of Kent Khtikian with an office at the time of the matter alleged herein in the County of San Francisco." (Compl. ¶ 1.)

19. Arrowood is a citizen of the State of Delaware. (Compl. ¶ 2.) Arrowood is a corporation incorporated under the laws of the State of Delaware and it has its principal place of business in the State of North Carolina and there has been no change in these matters since before the State Court Action was filed. (Declaration of Theodore G. Chandler in Support of Notice of Removal ¶¶ 3 and 4).

20. Arrowood is not a citizen of California.

21. The Complaint also asserts claims against DOES 1 through 20 and states that they "are responsible in some manner for the occurrence herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct." (Compl. ¶ 3.) Accordingly, the citizenship of these unknown defendants must be disregarded for purposes of determining diversity. See 28 U.S.C. §1441(b)(1) (for purposes of removal "the citizenship of defendants sued under fictitious names shall be disregarded").

22. Therefore, there exists complete diversity of citizenship between Plaintiff and all named defendants.

## IV. THE OTHER REQUIREMENTS OF REMOVAL ARE MET

### A. Removal is Timely

23. Removal is timely because it is made within thirty days of Arrowood having been served with the Complaint on January 25, 2022. See 28 U.S.C. §1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based".). Timing of removal is a question of the construction of the federal statute on removal, and not the state statute. *Chi., R.I. & P.R. Co. v. Stude,* 346 U.S. 574, 580 (1954). The statutory clock to remove an action does not begin to run until the statutory agent effectuates service on the insurer. *Anderson v. State Farm Mut. Auto. Ins. Co.,* 917 F.3d 1126, 1130 (9th Cir. 2019) (thirty-day removal clock under 28 U.S.C. § 1146(b)(1) does not begin upon service on and receipt by a statutory designated agent, but when the insurer received the complaint from the Commissioner of Insurance).

### B. Venue and Other Requirement Are Satisfied

24. The United States District Court for the Northern District of California includes Marin County, the county in which the State Court Action is now pending. See 28 U.S.C. § 84(c)(2). Thus, this Court is the proper venue for the action pursuant to 28 U.S.C. § 1441(a) (providing for removal "to the district court of the United States for the district and division embracing the place where such action is pending.").

## V. ADDITIONAL PROCEDURAL MATTERS

25. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Arrowood are attached hereto collectively as **Exhibit A**.

26. Arrowood's Answer, filed in Superior Court of the State of California for the County of Marin, is attached hereto as **Exhibit B.**

27. As required by 28 U.S.C. § 1446(d), Plaintiff's counsel is being served with written notice of the filing of removal together with a copy of this Notice of Removal.

28. As required by 28 U.S.C. § 1446(d), Arrowood is filing a written notice of removal with the Superior Court of the State of California for the County of Marin.